1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAURICE DALTON,

        Plaintiff,

    v.

SARGEANT PAUL ESTES *et al.*,

        Defendants.

Case No.  C05-5820RJB

ORDER TO SHOW CAUSE WHY
THE ACTION SHOULD NOT BE
DISMISSED

18
19
20

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff filed this action naming a number of law enforcement officers involved in his arrest and conviction.  He applied for and received *in forma pauperis*.

21
22
23
24
25

    Plaintiff alleges law enforcement personnel threatened his life, and threatened him at gun point if he refused to become a "snitch".  He also alleges one of these officers planted a gun in his car after his arrest.  Plaintiff indicates he seeks damages in part because of "emotional injury for criminal convictions based on partly fraudulent claims."  (Dkt. # 5 page 4 of 8).  It appears plaintiff is referring to a possible gun enhancement on his sentence.

26
27
28

    A complaint which fails to state a claim is subject to dismissal prior to service with the dismissal counting as a strike for purposes of 28 U.S.C. 1915 (g).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss

ORDER
Page - 1

1    an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d).  Noll v.

2    Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th

3    Cir. 1984)).  A plaintiff must allege a deprivation of a federally protected right in order to set forth a

4    *prima facie* case under 42 U.S.C. §1983.  Baker v. McCollan, 443 U.S. 137, 140 (1979).

5        In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct

6    complained of was committed by a person acting under color of state law and that (2) the conduct

7    deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United

8    States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v.

9    Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong

10    only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.

11    1985), *cert. denied*, 478 U.S. 1020 (1986).

12        Plaintiff calls into question the propriety of his current incarceration.  When a person

13    confined by the state is challenging the very fact or duration of his physical imprisonment, and the

14    relief he seeks will determine that he is or was entitled to immediate release or a speedier release

15    from that imprisonment, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez,

16    411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a

17    prisoner who has fully exhausted available state remedies **has no cause of action under § 1983**

18    **unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by**

19    **the grant of a writ of habeas corpus.**"  Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994)(emphasis

20    added).  The court added:

21        Under our analysis the statute of limitations poses no difficulty while the state
        challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]

22        § 1983 cause of action for damages attributable to an unconstitutional conviction or
        sentence does not accrue until the conviction or sentence has been invalidated.

23

24    Id. at 2374.  "[T]he determination whether a challenge is properly brought under § 1983 must be

25    made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to

26    imply the invalidity of the judgment.' *Id.*  If the court concludes that the challenge would necessarily

27    imply the invalidity of the judgment or continuing confinement, then the challenge must be brought

28    as a petition for a writ of habeas corpus, not under § 1983."  Butterfield v. Bail, 120 F.3d 1023,

1   1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 117 S.Ct. 1584, 1587 (1997)).

2        Plaintiff seems to be challenging a gun enhancement on his sentence but he has not shown his

3   confinement has been  "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

4   corpus."  Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994).  At this point, the court must dismiss the

5   plaintiff's 42 U.S.C. § 1983 claim for failure to state a claim.

6        The court does not believe plaintiff can cure these defects, however, plaintiff should be given

7   a chance to respond.  Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** why this action

8   should not be dismissed.  Plaintiff's response to this order is due on or before **March 11th, 2006.**

9        The clerk is directed to send a copy of this order to plaintiff and to note the **March 11th,**

10  **2006** due date on the court's calendar.

11

12

13       DATED this 8th day of February 2006.

14

15                              */S/ J. Kelley Arnold*
                               J. Kelley Arnold
16                             United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28