UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAURICE DALTON,

    Plaintiff,

    v.

SARGENT PAUL ESTES *et* al.,

    Defendants.

Case No. C05-5820RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**July 14th, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis*. Before the court is defendant, State of Washington's motion to dismiss. (Dkt. # 20). The motion specifically indicates it is brought solely by the State of Washington and does not affect the other named defendants. (Dkt. # 20, page 1 footnote 1). Rather than respond Plaintiff has filed a motion to "deny hearing of State of Washington's motion to dismiss and strike LFS from case file." (Dkt. # 23). Plaintiff contends the State of Washington is not a party to this action and the legal face sheet,

REPORT AND RECOMMENDATION - 1

LFS, submitted by the state should be struck from the file. (Dkt. # 23). Plaintiff's document has been considered by the court as a response to the state's motion. Plaintiff's motions within the pleading are **DENIED.**

## STANDARD OF REVIEW

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

## DISCUSSION

Plaintiff did not name the State of Washington in the caption of his action, but he did name the state as a party in the body of the complaint and he seeks ten million dollars damages. (Dkt. # 5, pages 3 and 4). The state properly notes it is not a person within the meaning of 42 U.S.C. § 1983.(Dkt. # 20). Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989). Because the state is not a person within the meaning of § 1983, plaintiff has not stated a cause of action against the state.

Plaintiff now contends the state is not a named party in this case. (Dkt. # 23). His argument ignores the fact that he specifically named the state in the body of the complaint. Defendant, State of Washington's motion should be **GRANTED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION - 2

appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 14th, 2006**, as noted in the caption.

    DATED this 16th day of June, 2006.

                                      */S/ J. Kelley Arnold*
                                      J. Kelley Arnold
                                      United States Magistrate Judge

REPORT AND RECOMMENDATION - 3