UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAURICE DALTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SARGENT PAUL ESTES *et* al.,<br><br>　　　　Defendants. | Case No. C05-5820RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 27, 2007** |

　　　　This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis*. Before the court are defendant's motion for summary judgment, (Dkt. # 44), and Defendant's motion to dismiss for failure to comply with a court order (Dkt. # 47).

### INTRODUCTION AND SUMMARY CONCLUSION

　　　　Plaintiff claims that after his arrest for possession of a controlled substance with intent to deliver, he was threatened by three police officers. Plaintiff claims the officers attempted to coerce him into wearing a wire tap and becoming an informant. He alleges that when he refused he was blindfolded and taken to a remote location where the officers held a gun to his head and threatened his life. He also alleges the officers planted a gun in his car, to increase the penalties and sentence in

REPORT AND RECOMMENDATION - 1

his criminal case (Dkt. # 5).

Defendants move for summary judgment arguing the case cannot proceed as it calls into question the propriety of his conviction. They argue the facts that form the basis for this lawsuit were considered and rejected by both the trial court judge and the jury, and the Rocker-Feldman doctrine prohibits this action as the facts are intertwined with his conviction (Dkt. # 44). Defendants also argue no municipal policy is at issue and plaintiff has no physical injuries.

In November of 2006, the defendants asked for costs as a sanction for plaintiff's refusal to participate in his deposition (Dkt. # 39). Plaintiff did not file any timely response to that motion and in December of 2006, the court entered a sanctions order granting defendants $400 dollars of the $1732 dollars they had requested (Dkt. # 43).

The court specifically warned plaintiff he would have sixty days to pay the full $400 or the defendants could file a motion to dismiss this action (Dkt. # 43). No payment was received and on February 20, 2007 a motion to dismiss for failure to comply with the court's order was filed (Dkt. # 47).

The court has considered the entire file in this action and recommends the action be **DISMISSED WITH PREJUDICE** for failure to comply with a court order. In the alternative the defendants are entitled to summary judgment as there is no municipality policy at issue and the plaintiff has no physical injury.

## FACTS

Plaintiff alleges that on January 21, 2003 he was arrested by a drug task force. He alleges that Sgt. Paul Estes, Det. Newman, and Officer Parr Stevens threatened him and asked him "to be a snitch" (Dkt. # 5, page 3). He alleges that when he refused he was blindfolded, taken to a place near the water and Sgt. Estes put a gun to his head and threatened to kill him (Dkt. # 5). He also alleges that someone placed a gun in the car he was driving which, presumably, enhanced his criminal sentence (Dkt. # 5). As part of his request for relief plaintiff claims part of his conviction is based on "fraudulent claims" (Dkt. # 5).

/

REPORT AND RECOMMENDATION - 2

Defendants move for summary judgment and argue:

1. No municipal policy is at issue in this case.

2. The Prison Litigation Reform Act requires physical injury as a prerequisite to a claim for emotional damages.

3. This case is prohibited by the favorable termination doctrine. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

4. The chronological time line shows plaintiff's "story" to be impossible and the allegations were rejected by the trial judge and jury in his criminal case.

(Dkt. # 44).

Counsel for defendants attempted to depose plaintiff in November of 2006. Plaintiff refused to participate in the scheduled deposition. Defendants moved for costs and requested the court issue an order to show cause (Dkt. # 39). The motion was noted for December of 2006. Plaintiff did not file any responsive pleading.

On December 18, 2006, the court entered an order imposing $400 dollars in costs as a sanction for plaintiff's failure to allow his deposition to take place. Defendants had argued for $1732 dollars in costs and sanctions, however, the court imposed the lesser amount (Dkt # 43). The court specifically gave plaintiff sixty days to pay the costs and informed defendants that if the $400 dollars were not payed, a motion to dismiss the action for failure to comply with the court's order could be filed.

Plaintiff did not address the order to show cause or the courts order imposing costs until February 15, 2007 (Dkt. # 51). His response was made three months after the motion was made and two months after the court imposed sanctions. In this response plaintiff also addresses defendant's motion to dismiss but does not address defendant's then ripe motion for summary judgment. On February 20, 2007, defendants filed a motion to dismiss and allege they have not received any payment of the costs.

On the day defendants had noted their motion for Summary Judgement, March 2, 2007, plaintiff filed a motion for an extension of time to file a responsive pleading (Dkt. # 53). That motion is **DENIED IN A SEPARATE ORDER.**

REPORT AND RECOMMENDATION - 3

## DISCUSSION

A. <u>The Summary Judgment Standard</u>.

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). <u>See also</u> Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. <u>Anderson</u>, 477 U.S. at 254; <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. <u>Id</u>.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630 (relying on <u>Anderson</u>, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990).

B. <u>Costs and sanctions</u>.

REPORT AND RECOMMENDATION - 4

1    Prior to addressing defendant's motion for Summary Judgment the court addresses the issue of
2 plaintiff's failure to comply with a court order. Defendants filed a motion because plaintiff refused to
3 attend his deposition. Plaintiff filed no responsive pleading. An order imposing a $400 dollar cost as a
4 sanction was entered against plaintiff. The court gave plaintiff sixty days to pay the full sum.

5    Nearly two months later plaintiff filed a pleading in which he argues he did not have to allow
6 defendants to take his deposition because of local rule 30 (a)(2). Plaintiff alleges no agreement was
7 reached between him and defense counsel (Dkt. # 51). Local Rule 30(a)(2) states:

> If a party wishes to take the deposition of a person in custody, the party shall attempt to reach an agreement **with prison officials** of the institution as to date, time, place, and maximum duration of the deposition. If agreement is reached, the party taking the deposition shall give notice as provided in Fed. R. Civ. P. 30 (b), and no further order of the court is required.....

See, Local Rule 30 (a)(2) (emphasis added). The remainder of the rule deals with the situation where the party seeking to take the deposition cannot reach an agreement with prison officials. In that case 14 days notice needs to be given to prison officials and the parties in order to allow the prison officials the chance to intervene and object to the deposition.

Here, prison officials and defense counsel reached an agreement and plaintiff was given notice under Fed R. Civ. P 30 (b). Fed. R. Civ. P. 30 (b) only requires the notice be reasonable and does not specify a specific number of days notice. Plaintiff argues he was entitled to 14 days notice and he only received 9 days notice (Dkt. # 53). His argument is untimely and frivolous.

Plaintiff's failure to allow the taking of his deposition needlessly increased the cost of this litigation. When a portion of the cost was levied against him he did not pay and he has now failed to comply with a court order.

This action should be dismissed with prejudice for failure to comply with the courts order. Fed. R. Civ. P. 37 outlines sanctions for discovery abuses. Failure to attend a deposition may result in an order to pay expenses including attorneys fees. See, Fed. R. Civ. P. 37 (d). Here, the court did not impose attorneys' fees, only costs. Plaintiff has failed to comply with the courts order. Failure to attend a deposition may also result in dismissal of a claim or action. See, Fed. R. Civ. P 37 (d) (allowing for dismissal as a sanction under 37 (b)(2)(C)). The court attempted to impose a lesser sanction for

REPORT AND RECOMMENDATION - 5

plaintiff's conduct and he did not comply with that court order.  The greater sanction of dismissal is now appropriate.  Accordingly this action should be **DISMISSED WITH PREJUDICE.**

        C.      On the merits.

Should the court decline to impose dismissal as a sanction for plaintiff's conduct, the merits of defendants motion for summary judgment needs to be addressed.  Plaintiff has not filed a timely response and on the day the motion was noted to be heard filed a motion for an extension of time.  That motion has been denied in a separate order.

        1.      Municipality liability.

Defendants argue all municipal defendants must be dismissed as no policy of the municipality is at issue (Dkt. # 44, page 5 and 6).  In order to state a claim against a municipality under § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct.  See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 646-47 (9th Cir. 1991).

Plaintiff has failed to allege that official custom, pattern or practice of the municipality is at issue.  The municipal defendants in this action are Pierce County, City of Lakewood, and the Lakewood Police Department.  These defendants are entitled to summary judgment as plaintiff has failed to come forward with any evidence that custom, pattern or policy is at issue.

Defendants motion should be **GRANTED** as to these three defendants.

        2.      Lack of physical injury.

42 U.S.C. § 1997(e) states that no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury.  A de minimis physical injury is not sufficient to support a claim for mental or emotional suffering.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  Plaintiff does not allege he suffered any physical injury (Dkt. # 5).  His claims for mental or emotional injury cannot proceed.  All remaining defendants are entitled to summary judgment.  Given this finding, the court does not address the remaining two arguments raised by defendants in there Motion for Summary Judgment.  A proposed order

REPORT AND RECOMMENDATION - 6

1  accompanies this Report and Recommendation.

2      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
3  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.
4  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
5  appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
6  72(b), the clerk is directed to set the matter for consideration on **April 27, 2007**, as noted in the
7  caption.

9      DATED this 22, day of March, 2007.

12          */S/ J. Kelley Arnold*
        J. Kelley Arnold
        United States Magistrate Judge

28  REPORT AND RECOMMENDATION - 7